# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ADAM GARNER, as next friend of K.G., a minor, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 23-cv-5694<br>)<br>) |
| v. | ) COMPLAINT FOR<br>) VIOLATION OF CIVIL RIGHTS |
| Village of Lemont, and Village of Lemont Police Officer Nick Pappas, | )<br>)<br>) **JURY DEMANDED** |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Adam Garner ("Garner") was and is a citizen of the United States, the legal guardian of Plaintiff K.G., a minor.

4. At all times herein mentioned, K.G. was a minor born in 2007, was and is citizen of the United States, and was within the jurisdiction of this court. Adam Garner is acting as her next friend.

5.     At all times herein mentioned, Village of Lemont Police Officer Nick Pappas ("Pappas") was employed by the Village of Lemont Police Department and was acting under color of state law and as the employee, agent, or representative of the Village of Lemont Police Department.  This Defendant is being sued in his individual capacity.

6.     At all times herein mentioned, the Village of Lemont was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the Village of Lemont maintained, managed, and/or operated the Village of Lemont Police Department.

**FACTUAL ALLEGATIONS**

7.     On or about July 20, 2023, Plaintiff K.G. was lawfully located at or near 40 Timberline Drive, in the Village of Lemont, County of Cook, State of Illinois.

8.     On that day and place Defendant Pappas approached Plaintiff and discharged a taser that struck Plaintiff K.G.

9.     At the time Pappas discharged his taser K.G. did not pose any threat to Defendant Pappas or any other person.

10.    There was no lawful basis for Defendant Pappas to discharge his taser at Plaintiff K.G.

11.    This use of force by Defendant Pappas against Plaintiff K.G. caused bodily injury to Plaintiff K.G.

12.    By reason of the above-described acts and omissions of Pappas Plaintiff K.G. sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

2

13. The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of the above-described acts and omissions of Pappas Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiff against Pappas for**
**EXCESSIVE FORCE**

15. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

16. Defendant Pappas used unnecessary and an unreasonable amount of force against Plaintiff K.G.

17. There was no legal cause for Defendant Pappas to use force against Plaintiff K.G.

18. By reason of Defendant Pappas' conduct, Plaintiff K.G. was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder. The physical violence inflicted upon Plaintiff K.G. was unnecessary, unreasonable, and excessive, and was therefore in violation of her Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant Pappas is liable to Plaintiff K.G. pursuant to 42 U.S.C. § 1983.

## COUNT II

### Plaintiff against Village of Lemont and Pappas for Battery

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

20. When Defendant Pappas intentionally discharged his taser and did thereby strike plaintiff K.G.'s body with the taser causing injury it was unauthorized and unnecessary.

21. Pappas' use of the taser against K.G. under these circumstances and in this manner constituted a battery to Plaintiff K.G.

22. The Village of Lemont is liable to Plaintiff for the acts of Defendant Pappas pursuant to the doctrine of *respondeat superior*.

23. Therefore, Defendants Pappas and the Village of Lemont are liable under the supplemental Illinois tort claim of battery.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendant Pappas be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred;

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

              BY: <u>s/Garrett Browne</u>

                 ED FOX & ASSOCIATES, Ltd.
                 Attorneys for Plaintiff
                 118 N. Clinton
                 Suite 425
                 Chicago, Illinois 60661
                 (312) 345-8877
                 gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

              BY: <u>s/Garrett Browne</u>

                 ED FOX & ASSOCIATES, Ltd.
                 Attorneys for Plaintiff
                 118 N. Clinton
                 Suite 425
                 Chicago, Illinois 60661
                 (312) 345-8877
                 gbrowne@efoxlaw.com